Merrimack
No. 99-139

RICHARD KELSEA

v.

TOWN OF PEMBROKE

April 24, 2001

*Baldwin, Callen, Hogan & Kidd, P.L.L.C.*, of Concord (*Grant Kidd* on the brief and orally), for the plaintiff.

*Upton Sanders & Smith*, of Concord (*Robert Upton II* on the brief), for the defendant.

*Gregory E. Michael, P.A.*, of Merrimack (*Gregory E. Michael* on the brief and orally), for the intervenor, United States Cellular Corporation.

DALIANIS, J. The plaintiff, Richard Kelsea, appeals an order of the Superior Court (*Manias*, J.) affirming the decision of the Pembroke Zoning Board of Adjustment (board) approving the expansion of the height of a telecommunications tower (tower) on Plausawa Hill Road in Pembroke. We vacate and remand.

The tower existed prior to the adoption of the Town of Pembroke's (town) zoning ordinance in 1974, which lists, among its prohibited uses, communications towers within the rural/agricultural-residential district at issue in this case, absent a special exception. Thus, the tower, in which the use is virtually indistinguishable from the structure, operates as an existing nonconforming use. In May 1997, the town's code enforcement officer issued a building permit to the intervenor, United States Cellular Corporation (U.S. Cellular), to expand the height of the tower from 130 feet to 180 feet.

The plaintiff, whose property abuts the property where the tower is located, appealed the building permit's issuance to the board. The board denied the appeal, as well as the plaintiff's request for reconsideration. The plaintiff appealed to the trial court, which affirmed the town's grant of the building permit. The court ruled that the expansion of the tower did not increase its nonconformity because the zoning ordinance contains no height restrictions for communications towers. Specifically, the court characterized the tower as a nonconforming structure and looked to Article XIII, Non-Conforming Uses, Structures, and Lots, § 143-105, which prohibits the enlargement or alteration of a nonconforming structure in any way which increases its nonconformity. To determine whether an increase in the tower's height increased its nonconformity, the court examined Article V, Dimensional and Density Regulations, § 143-21 (11), which states that "[t]he provisions of this

chapter governing the height of buildings shall not apply to . . . radio broadcasting towers, television and radio antennae, and other like structures . . . ." Thus, the court found that because communications towers are explicitly exempt from the height restrictions, any increase in the tower's height did not increase its nonconformity. Additionally, the court held that because communications towers are explicitly excepted from the zoning ordinance's height restrictions, it did not need to apply the common law test discussed in *New London Land Use Association v. New London Zoning Board*, 130 N.H. 510, 517 (1988), to determine whether a nonconforming use may be expanded or modified. After the trial court denied the plaintiff's motion for reconsideration, this appeal followed.

"Because this is a zoning case, the standard for review of this court is not whether we would find as the trial court did, but whether the evidence reasonably supports the finding. We will therefore uphold the trial court's decision on appeal unless it is not supported by the evidence or is erroneous as a matter of law." *Hussey v. Town of Barrington*, 135 N.H. 227, 231 (1992) (quotation and citations omitted).

■ Initially, we address the nature of the nonconformity, which determines which section of the zoning regulation applies. Article XIII, § 143-104 governs *nonconforming uses* of land and section 143-105 governs *nonconforming structures*. The trial court characterized the tower as a nonconforming structure and thus applied section 143-105. The trial court further characterized the nonconforming use as the sending and receiving of communications signals. The record shows, however, that the communications tower is nonconforming because of its use as a communications tower, not because as a structure it fails to meet the zoning ordinance's dimensional and density requirements. Section 143-105 only applies to structures which existed at the date of the adoption of the zoning ordinance, but which could not be built now "by reason of restrictions on area, lot coverage, height or yards, its location on the lot, or other requirements concerning the structure." Here, the tower is nonconforming because of its use as a telecommunications tower, not because it does not meet the restrictions regarding area, lot coverage, height or yards, or location. Thus, the trial court's reliance upon section 143-105 and its focus upon the dimensional aspects of the ordinance were misplaced. Because the tower is a nonconforming use, we must look to section 143-104 to determine whether extending the tower's height was a permissible change to a nonconforming use.

Article XIII, § 143-104 provides, in pertinent part:

Where, at the time of passage of this chapter, a lawful use of land exists which would not be permitted by the regulations imposed by this chapter, the use may be continued so long as it remains otherwise lawful, provided that:

A. No such non-conforming use shall be enlarged or increased nor extended to occupy a greater area of land than was occupied at the effective date of adoption or amendment of this chapter;

B. No such non-conforming use shall be moved, in whole or in part, to any portion of the lot or parcel other than that occupied by such use at the effective date of adoption or amendment of this chapter.

The plaintiff does not argue that the nonconforming use is the sending and receiving of communications signals. Rather, the plaintiff contends that the nonconforming use is the tower. He asserts that by increasing the height of the tower, it has been impermissibly extended to occupy a greater area of land than was previously occupied because the term "land" includes air space. We disagree.

The interpretation of a zoning ordinance is a question of law. *See Spengler v. Porter*, 145 N.H. 163, 165 (1999). "We construe the words and phrases used according to their common approved usage." *Id.* "Land" is "the solid part of the surface of the earth in contrast to the water of oceans and seas . . . or to the air." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1268 (unabridged ed. 1961).

■ The plaintiff also argues that because the zoning ordinance contains height restrictions for certain structures, the air space above the lot is part of the lot. Thus, increasing the tower's height is a "move" of the nonconforming use to a portion of the lot where no nonconforming use had existed. We decline to adopt such a strained approach to our interpretation of the zoning ordinance. "Move" is defined in part as, "to change the place or position of; cause to be shifted or removed from one place or position to another." *Id.* at 1479-80. The place or position of the tower has not been changed, shifted, or removed from one place or position to another. Thus, the air space above the lot does not constitute a portion of the lot such that an increase in the tower's height constitutes a move of the nonconforming use.

■ Our analysis, however, cannot end here. Because it found that the structure conformed with the dimensional provisions of the ordinance, *see* TOWN OF PEMBROKE ZONING ORDINANCE, art. V, § 143-21 (11), the trial court declined to apply our case law concerning enlargement or expansion of a nonconforming use. Based on our above analysis, however, the trial court should have determined whether the extension of the tower's height is a permissible expansion of a nonconforming use. Specifically, the trial court must "consider the extent to which the challenged use reflects the nature and purpose of the prevailing nonconforming use, whether the challenged use is merely a different manner of using the original nonconforming use or whether it constitutes a different use, and whether the challenged use will have a substantially different impact upon the neighborhood." *New London Land Use Assoc.*, 130 N.H. at 517. Accordingly, we vacate and remand for a determination of whether the expansion of the tower was permissible under our common law test. *Cf. Zachs v. Zoning Bd. of Appeals*, 589 A.2d 351, 355 (Conn. 1991) (discussing whether the leasing of antenna space on a communications tower was expansion of a nonconforming use).

*Vacated and remanded.*

HORTON, J., sat for oral argument but retired prior to the final vote; BRODERICK, J., concurred; GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.